**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BARBARA FORTUNE,**

**Plaintiff,**

**v.**

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**

**Defendant.**

______________________________/

**Case no. 8:26-cv-02917**

**JURY TRIAL DEMANDED**

**PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION**

Plaintiff, BARBARA FORTUNE, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates PAUL R. FOWKES, ESQ. as Lead Counsel for Plaintiff.

**COMPLAINT**

**COMES NOW**, Plaintiff, BARBARA FORTUNE (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter, "PRA"). In support thereof, Plaintiff states the following.

**INTRODUCTION**

1. This action arises from PRA's repeated garnishment of Plaintiff, Barbara Fortune's wages in an effort to collect a judgment that had already been resolved and paid.

2. Over a period of more than three years, PRA repeatedly returned to court seeking to garnish Plaintiff's wages on the same paid judgment. Plaintiff was forced to repeatedly challenge

PRA's collection efforts, yet PRA continued pursuing garnishment and wrongfully causing her wages to be withheld.

3. Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Florida common law to recover the damages caused by PRA's unlawful collection and garnishment activity.

## PARTIES

4. Plaintiff, Barbara Fortune, is a natural person and resident of Pinellas County, Florida. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, PRA, is a limited liability company engaged in the business of collecting consumer debts, including through litigation and post-judgment garnishment.

6. At all material times, PRA regularly collected debts owed or allegedly owed to another or debts acquired after default and acted as a 'debt collector' within the meaning of 15 U.S.C. § 1692a(6).

7. The obligation PRA sought to collect from Plaintiff arose from a credit card debt that was used primarily for personal, family, or household purposes and was a 'debt' within the meaning of 15 U.S.C. § 1692a(5).

## JURISDICTION AND VENUE

8. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) because Plaintiff asserts claims under the FDCPA.

9. This Court has supplemental jurisdiction over Plaintiff's wrongful-garnishment claim under 28 U.S.C. § 1367 because that claim forms part of the same case or controversy as the federal claim.

10. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this District and the underlying garnishment proceeding was prosecuted in Pinellas County, Florida.

## STATEMENT OF FACTS

11. On January 22, 2015, PRA obtained a final judgment against Plaintiff in the County Court in and for Pinellas County, Florida, Case No. 14-008033-SC, in the amount of $2,693.81.

12. Beginning in August of 2022, PRA pursued a writ of continuing garnishment against Plaintiff's wages at Walgreens, Plaintiff's place of employment.

13. On February 27, 2023, a Final Judgment of Continuing Garnishment was entered by the state court reflecting a balance of $2,693.81.

14. The parties thereafter reached an agreement resolving the garnishment and the judgment through a lump-sum payment from wages already withheld by Walgreens.

15. On April 5, 2023, the state court entered a Stipulated Final Judgment of Garnishment Against Salary or Wages memorializing that agreement (hereinafter "Stipulated Final Judgment"). A copy of the Stipulated Final Judgment is attached as **Exhibit A**.

16. Paragraph 2 of the Stipulated Final Judgment provides that Walgreens "shall remit the withheld $2000 from the Defendant's pay as lump sum payment to payoff the total judgment debt amount of $2,693.81."

17. Paragraph 3 provides that PRA "shall have, receive and recover from Garnishee, Walgreens, ***lump sum payment of $2000.00, due and payable to the plaintiff to pay off the current judgment amount of $2,693.81 and as paid in full***." (Emphasis added).

18. The Stipulated Final Judgment further directs that all monies withheld in excess of $2,000 be returned to Plaintiff.

19. The Stipulated Final Judgment did not provide for a $2,000 partial credit against the judgment. It established the agreed payoff under which the required lump-sum payment would pay off the entire judgment.

20. Despite the Stipulated Final Judgment, on April 18, 2023, PRA filed a Motion for Wage Garnishment After Judgment for the amount of $2,693.81. Thereafter, the state court entered a judgment in this amount and PRA issued a writ of garnishment to Walgreens. A copy of PRA's Motion is attached as **Exhibit B**.

21. On May 3, 2023, PRA filed a Motion to Set Aside Final Judgment of Continuing Garnishment Against Salary Or Wages Dated 4/24/2023 And Maintain The Final Judgment Dated 4/5/23" (hereinafter "Motion to Set Aside"). A copy of the Motion to Set Aside is attached as **Exhibit C**.

22. PRA's Motion to Set Aside represented to the state court that ***"[t]he Judgment was submitted and entered in error, as the correct Final Judgment with the agreed-upon terms, had previously been entered on 4/5/23. The Judgement dated 4/5/23 is correct and should remain active***." (Emphasis added).

23. On May 3, 2023, the state court granted PRA's motion and entered an "Order Setting Aside Final Judgment of Continuing Garnishment Against Salary or Wages Dated 4/24/23 and Maintaining the Final Judgment Dated 4/5/23." The Order stated that it is hereby "Ordered and Adjudged that the motion is Granted and the Final Judgment of Continuing Garnishment Against

Salary or Wages dated April 24, 2023 is hereby set aside and the Final Judgment dated 4/5/23 is to remain active." A copy of the state court's order is attached as **Exhibit D**.

24. On May 9, 2023, Walgreens performed the payment required by the Stipulated Final Judgment, and issued a check payable to PRA in the amount of $2,101.44. PRA accepted and deposited that check on May 17, 2023. A copy of the foregoing negotiated check is attached as **Exhibit E** (the account/routing numbers are redacted).

25. Accordingly, by the express terms of the Stipulated Final Judgment, PRA's receipt and acceptance of the required lump-sum payoff left the $2,693.81 judgment paid in full and therefore satisfied. Nothing remained due on the judgment after PRA accepted the stipulated payoff.

26. *On the same date PRA deposited Walgreens' check*, May 17, 2023, PRA filed a Notice of Compliance in connection with the continuing writ of garnishment that the court previously set aside on May 3, 2023. Within this filing, PRA certified that it had mailed Plaintiff a Motion for Writ of Garnishment, Writ of Garnishment, and Notice to Defendant. A copy of the foregoing is attached as **Exhibit F**.

27. PRA's garnishment papers represented that $2,693.81 remained outstanding, even though PRA had accepted the court-approved payoff.

28. Walgreens answered the garnishment and withheld $2,693.81 from Plaintiff's wages between June and November, 2023 – *the full amount of the original judgment* – despite PRA's prior receipt of the stipulated payoff. A copy of Walgreen's Answer is attached as **Exhibit G**.

29. On June 27, 2024, PRA filed a Notice to Defendant and Interested Parties. A copy of the foregoing is attached as **Exhibit H**.

30. On August 6, 2024, Plaintiff filed a sworn Claim of Exemption and Request for Hearing. Plaintiff's filing explained that PRA had agreed to resolve the debt in April 2023; the debt was resolved; that PRA was again garnishing her wages for the same debt; that she had contacted PRA and told them to stop; she had been told the garnishment was a mistake; and that the garnishment nevertheless continued. Notably, Plaintiff also stated "[t]his is why I am asking now to be heard to end this unprofessional, unethical second same debt garnishment." A copy of the foregoing Claim of Exemption is attached as **Exhibit I**. [

31. Plaintiff's Claim of Exemption also attached an itemized accounting of the post-payoff wage deductions.

32. On August 15, 2024, PRA filed a Notice of Answer and Notice to Defendant. The Notice attached Walgreens' confirmation/answer that it began withholding Plaintiff's wages in June, 2023. A copy of the foregoing is attached as **Exhibit J**.

33. PRA did not contest the sworn facts set forth in Plaintiff's Claim of Exemption attacking PRA's continuing garnishment proceeding, including her assertion that the judgment had already been resolved and that PRA was continuing to garnish her wages for the same debt. Accordingly, on August 29, 2024, the writ of garnishment was dissolved.

34. On July 13, 2026, PRA returned to state court and again sought to garnish Plaintiff's wages on the same judgment by filing a Motion for Wage Garnishment After Judgment. A copy of PRA's July 13, 2026 Motion is attached as **Exhibit K**.

35. PRA's Motion for Wage Garnishment After Judgment falsely represented that, "[a]fter calculating payments, credits and costs expended, THE UNSATISFIED AMOUNT OF THE JUDGMENT IS $592.37, plus costs of garnishments and post-judgment interest accruing at the

statutory rate…" There was no unsatisfied amount of the judgment. The judgment had been paid in full pursuant to the Stipulated Final Judgment. Accordingly, PRA had no basis to seek $592.37, additional garnishment costs, or post-judgment interest.

36. On July 16, 2026, a new Continuing Writ of Garnishment Against Salary or Wages was issued to Walgreens by PRA based on the falsely represented amount of $592.37, plus costs of garnishments and post-judgment interest. A copy of the Continuing Writ of Garnishment is attached as **Exhibit L**. On July 31, 2026, PRA filed a Notice of Compliance Regarding First Notice to Defendant certifying that Plaintiff was served with a Motion for Writ of Garnishment; Writ of Garnishment; and Notice to Defendant.

37. Once Plaintiff became aware of the continued garnishment proceeding, she again contacted PRA and advised that the garnishment was wrong.

38. On August 7, 2026, Plaintiff emailed PRA and attached the April 5, 2023 Stipulated Final Judgment establishing the agreed payoff.

39. In response to Plaintiff, on August 14, 2026, PRA sent Plaintiff a balance statement confirming that the account had a $0.00 balance.

40. That same day, PRA executed a Satisfaction of Final Judgment acknowledging full payment and satisfaction of the judgment, which it filed in the state court action on August 18, 2026.

41. Despite acknowledging that nothing remained due, PRA left the 2026 garnishment proceeding in place and did not release Walgreens from its obligations to withhold Plaintiff's wages. Walgreens therefore continued withholding Plaintiff's wages.

42. On August 24, 2026, Walgreens' answered PRA's Writ of Garnishment. It was filed with the state court on September 14, 2026. The answer reflected that Plaintiff's wage of $270.57 for the pay period ending August 26, 2026 was garnished. A copy of Walgreen's Answer is attached as **Exhibit M**. Walgreens withheld an additional $287.31 for the pay period of August 27, 2026 through September 9, 2026.

43. Given the dire financial dilemma confronted by Plaintiff, she ultimately retained counsel and on September 21, 2026, filed an Emergency Motion to Dismiss Garnishment Proceeding With Prejudice, Dissolve Continuing Writ of Garnishment, Discharge Garnishee, Return Withheld Wages, and for Immediate Hearing.

44. The Emergency Motion squarely challenged PRA's substantive entitlement to garnish. It asserted that the April 5, 2023 Stipulated Final Judgment established the payoff, that PRA accepted and deposited the required payment on May 17, 2023, and that no judgment balance remained thereafter. In pertinent part, the Motion stated: "[a]fter the May 2023 payoff, her wages were garnished again. In 2024, she was forced to return to court, explain that the same resolved debt was being garnished yet again, and provide an account of what had been taken. That writ was dissolved. In 2026, PRA nevertheless initiated another garnishment and Fortune's wages are currently being withheld. Fortune should not be required to repeat this cycle. She should not have to monitor every future filing in this case, contact PRA gain, file another claim of exemption, or lose another portion of her paycheck before the record finally reflects what the April 5, 2023 Stipulated Final Judgment and PRA's acceptance of the payoff already established: this judgment was paid in full in May 2023."

45. Plaintiff attached to the Emergency Motion the April 5, 2023 Stipulated Final Judgment and the negotiated Walgreens payoff check.

46. Rather than contest the merits of Plaintiff's Emergency Motion, PRA voluntarily dismissed the garnishment less than twenty-four hours after the Motion was filed and directed that all wages being withheld by Walgreens be returned to Plaintiff. A copy of PRA's Notice of Voluntary Dismissal is attached as **Exhibit N**.

47. Plaintiff gave up nothing in exchange for PRA's dismissal of the garnishment.

48. The timing and circumstances of PRA's voluntary dismissal, including its direction that the withheld funds be returned to Plaintiff, show the lack of merit of PRA's continued garnishment following the May 2023 payoff pursuant to the Stipulated Final Judgment.

49. As a direct and proximate result of PRA's conduct, Plaintiff suffered economic and noneconomic damages, including the loss and deprivation of the use of her wages, mental anguish, emotional distress, embarrassment, humiliation, frustration, inconvenience, and other consequential damages.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff realleges paragraphs 1 through 49 as though fully set forth herein[1].

51. PRA is a debt collector and the obligation at issue is a consumer debt within the meaning of the FDCPA.

---

[1] PRA's 2023 and 2024 conduct is alleged as relevant background and evidence of PRA's notice, knowledge, procedures, and the circumstances surrounding its 2026 conduct. Plaintiff does not rely on time-barred FDCPA acts as independent violations.

52. In July, 2026, PRA sought and maintained a wage garnishment on the representation that $592.37 remained due on Plaintiff's judgment, despite the debt having been paid in full.

53. PRA's attempt to collect that amount falsely represented the character, amount, or legal status of the alleged debt.

54. PRA instituted the July 2026 garnishment action to collect an amount that was not due. This constitutes false, deceptive, or misleading means in connection with the collection of a debt. In addition, this conduct amounts to harassing, oppressive or abusive conduct.

55. PRA's attempt to collect and garnish amounts not authorized by the parties agreement creating the debt or permitted by law constituted an unfair or unconscionable means of collecting or attempting to collect a debt.

56. PRA's foregoing conduct is in violation of 15 U.S.C. §§ 1692d, 1692e(2)(a), 1692e(5), 1692e(10), and 1692f(1)

57. As a result of PRA's FDCPA violations, Plaintiff suffered actual damages and is entitled to statutory damages, costs, and reasonable attorney's fees under 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff, Barbara Fortune, requests judgment against Defendant, Portfolio Recovery Associates, LLC, for actual damages, statutory damages, costs, reasonable attorney's fees, and all other relief authorized by law.

## COUNT II
## WRONGFUL GARNISHMENT

58. Plaintiff realleges paragraphs 1 through 49 as though fully set forth herein.

59. Florida recognizes an action for wrongful garnishment under principles analogous to malicious prosecution.

60. PRA commenced and continued writ of garnishment proceedings against Plaintiff starting in May, 2023.

61. PRA was the legal cause of those garnishment proceedings against Plaintiff.

62. The garnishment proceedings resulted in bona fide terminations in favor of Plaintiff.

63. PRA lacked probable cause to pursue garnishment proceedings after Walgreens made the lump-sum payment required by the Stipulated Final Judgment, and PRA accepted and deposited that payment on May 17, 2023.

64. The garnishment proceedings were undertaken with legal malice. Before pursuing the post-payoff garnishment proceedings, PRA itself represented to the state court that the April 5, 2023 Stipulated Final Judgment contained the parties' correct and agreed-upon terms, and PRA thereafter accepted the payment required by those terms. Despite its knowledge of these facts, PRA repeatedly invoked and continued the garnishment process against Plaintiff's without probable cause or justification. PRA's repeated pursuit of garnishment under these circumstances demonstrates gross negligence and great indifference and reckless disregard for Plaintiff's rights.

65. As a direct and proximate result of PRA's wrongful garnishment proceedings, Plaintiff suffered damages, including the loss and deprivation of the use of her wages, emotional distress, mental anguish, embarrassment, humiliation, inconvenience, frustration, and other compensatory and consequential damages to be proven at trial.

66. PRA's repeated use and continuation of garnishment proceedings, despite its actual knowledge of the controlling Stipulated Final Judgment and its receipt of the agreed payoff, were so reckless and wanting in care as to constitute a conscious disregard or indifference to Plaintiff's rights, thereby supporting an award of punitive damages under § 768.72, Florida Statutes.

WHEREFORE, Plaintiff, Barbara Fortune, requests judgment against Defendant, Portfolio Recovery Associates, LLC, for compensatory damages, including economic, noneconomic, and consequential damages, and punitive damages, and all other relief permitted by law.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Paul R. Fowkes*
Paul R. Fowkes Esq., FBN 723886
Ryan C. Hasanbasic, Esq., FBN 44119
**F&H LAW GROUP, P.A**
1807 Short Branch Drive, Ste. 101
Trinity, FL 34655
Phone: (727) 500-1010
Fax: (727) 943-3203
paul@fhlawpa.com
ryan@fhlawpa.com
*Counsel for Plaintiff*